OPINION
{¶ 1} This is an appeal from a conviction in the New Philadelphia Municipal Court of driving without an operator's license in violation of R.C. 4507.02(A)(1) and operating with an expired registration in violation of Sec. 335.09 of the New Philadelphia Codified Ordinances.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} On November 29, 2001, Officer Nelson of the New Philadelphia Police Department observed Appellant operating a motor vehicle with an expired registration. Said registration had expired on November 20, 2001.
 {¶ 3} Upon stopping the vehicle and obtaining the identity of the driver, Officer Nelson discovered that Appellant was driving with an expired Ohio driver's license.
 {¶ 4} Appellant was cited for operating a motor vehicle without a valid license, driving under suspension and driving with an expired registration.
 {¶ 5} This matter was tried before the court and resulted in Appellant being convicted of driving without an operator's license in violation of R.C. 4507.02(A)(1) and operating with an expired registration in violation of Sec. 335.09 of the New Philadelphia Codified Ordinances.
 {¶ 6} It is from this conviction which Appellant now appeals.
ASSIGNMENT OF ERROR
 {¶ 7} Appellant has not specifically stated any assignments of error presented for review, nor has he referenced to the place in the record where each error is reflected as required by App.R. 16(A)(3).
 {¶ 8} From his brief, it appears he is arguing that the judgment and conviction of the trial court are against the manifest weight of the evidence.
 {¶ 9} None of the matters complained of by appellant are demonstrated by the record.
 {¶ 10} No transcript was prepared and filed in the instant case. Pursuant to App.R. 9, it was incumbent upon appellant to insure that a transcript was prepared and filed as a part of the appeal in the instant case, or that a statement of the evidence was properly filed.
 {¶ 11} Appellant states in his brief:
 {¶ 12} "18. FACTS; This court has refused to release transcript or if the do they will be incomplete and falsify as all it finding in this case.
 {¶ 13} "19. FACTS; This court had sum 50 day to put forth the case file and transcripts." (Appellant's brief at p. 22).
 {¶ 14} Having failed to take appropriate action to provide this court with a record, Appellant cannot now claim error in the failure of the court to prepare a transcript upon request.
 {¶ 15} When portions of the transcript necessary to resolve issues are not part of the record, the court of appeals must presume regularity in the proceedings below and affirm. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197.
 {¶ 16} We therefore affirm the judgment and conviction of the trial court.
By: Boggins, J., Hoffman, P.J., and Wise, J. concur.